## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALNYLAM PHARMACEUTICALS, INC., | |
| Plaintiff, | |
| v. | C.A. No. 23-cv-580-CFC |
| MODERNA, INC., MODERNATX, INC., and MODERNA US, INC., | **JURY TRIAL DEMANDED** |
| Defendants. | |

## MODERNA'S COUNTERCLAIMS AND ANSWER TO THE COMPLAINT

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendants/Counterclaim-Plaintiffs Moderna, Inc., ModernaTX, Inc., and Moderna US, Inc. (collectively, "Moderna") by and through their attorneys, bring the following Counterclaims against Plaintiff/Counterclaim-Defendant Alnylam Pharmaceuticals, Inc. ("Alnylam"):

## FACTUAL BACKGROUND

1.      On May 26, 2023, Alnylam filed yet another suit against Moderna.  That suit, like the two that came before it, is nothing more than an attempt to do in the courtroom what it could not do in the laboratory, clinic, or marketplace.  Alnylam did not invent the vaccine that saved millions of lives, the mRNA technology upon which it is based, nor the technology to deliver it.  Nevertheless, it tries to profit from it.

2.      Moderna brings these Counterclaims in response to Alnylam's Complaint, which baselessly seeks to profit from Moderna's innovations that led to its groundbreaking mRNA-1273 COVID-19 Vaccine ("SPIKEVAX®").  Specifically, Moderna asks this Court to declare the following: (a) SPIKEVAX® does not infringe United States Patent Nos. 11,590,229 ("the '229

Patent"), 11,633,479 ("the '479 Patent"), 11,633,480 ("the '480 Patent") (collectively, the "Patents-in-Suit"); and (b) the Patents-in-Suit are invalid.

3.     In short, this lawsuit will confirm that Moderna and its scientists, employees, and collaborators are the true innovators of the mRNA delivery technology that led to the lifesaving SPIKEVAX® vaccine.  Alnylam played no role in Moderna's significant accomplishments.

### A.     Moderna's Development of mRNA Medicines Using Lipid Nanoparticle Technology

4.     For a decade before COVID-19 emerged, Moderna had been pioneering a new class of medicines made of messenger RNA, or mRNA, and developed its own platform technologies that could deliver mRNA in a variety of therapeutic and prophylactic applications, including vaccines.  These mRNA medicines had the potential to treat and prevent a wide range of diseases—from infectious diseases like influenza and HIV, to autoimmune and cardiovascular diseases and rare forms of cancer.  Over the past twelve years, Moderna has worked diligently in its laboratories to pioneer a number of fundamental breakthroughs in the field of mRNA technology.  These discoveries span all aspects of mRNA medicines—from the characteristics and design of the mRNA itself and the protein it encodes, to the technologies to deliver mRNA to patients safely and effectively.

5.     Included among the mRNA advancements that Moderna developed over years of extensive work is its proprietary lipid nanoparticle ("LNP") delivery technologies to provide the mRNA for delivery.  The LNPs function to protect the mRNA and deliver it into cells.  Critical to the LNP delivery technology used in SPIKEVAX® is Moderna's proprietary lipid, SM-102. Moderna scientist Dr. Kerry Benenato discovered SM-102.  Dr. Benenato and her team conducted extensive work to discover a lipid for use in an LNP that would address the issues of being able to protect the delivery of fragile mRNA to the right location in the body, effectively deliver the

mRNA to the cells of interest, and then biodegrade so as not to cause tolerability issues.  This was no small feat.

6.      Moderna invested years of work and resources to develop LNPs that are tailored to work with mRNA.  Those efforts included developing novel proprietary lipids, including SM-102, and improving LNP manufacturing processes.

**B.      Moderna's Development and Sale of SPIKEVAX®**

7.      The SARS-CoV2 virus, which causes COVID-19, was first detected in December 2019.  On January 10, 2020, the genetic sequence of the SARS-CoV-2 virus became public. Leveraging its decade of research and proprietary technologies, Moderna quickly responded when the pandemic struck, swiftly developing, manufacturing, and providing doses of SPIKEVAX® to people around the world.  SPIKEVAX®, also referred to as the mRNA-1273 vaccine, uses Moderna's proprietary LNP delivery technology that Moderna developed years earlier.  For that groundbreaking work, Moderna's scientists were recently honored by the American Chemistry Society's 2022 Heroes of Chemistry Award, the highest honor for industrial chemical scientists, recognizing their "work developing formulations that protect against … COVID-19."[1]

8.      Following the declaration of a public health emergency, Moderna entered into numerous agreements with the United States Government regarding SPIKEVAX®.  In April 2020, Moderna entered into a grant agreement with the Biomedical Advanced Research and Development Authority ("BARDA")—an office of HHS—to support clinical development of the mRNA-1273 vaccine.  BARDA chose to partner with Moderna to develop SPIKEVAX® because "Moderna's mRNA-based vaccine platform has been used to rapidly prepare vaccine candidates

---

[1] Nina Notman, <u>Chemists are Recognized for Their Contributions to Sustainable Packaging, Dental Cements, Breast Cancer Treatments, and Formulations that Protect Against or Treat COVID-19</u>, C&EN, https://pubs.acs.org/doi/10.1021/cen-10028-acsnews2.

against Cytomegalovirus, Zika, Respiratory Syncytial Virus, Influenza, Human Metapneumovirus and Parainfluenza virus."[2]

9. Once Moderna had obtained promising clinical results, on August 9, 2020, ModernaTX, Inc. entered into a supply contract with the Army Contracting Command of the U.S. Department of Defense, Contract No. W911QY20C0100 ("C0100 Contract").[3] Under the C0100 Contract, Moderna was obligated to produce and deliver doses of SPIKEVAX® to the U.S. Government, with the option to supply additional doses.[4] The C0100 Contract specifically states that Moderna manufactured SPIKEVAX® doses "for the United States Government."[5] The C0100 Contract also incorporates by reference FAR 52.227-1, entitled "Authorization and Consent."[6]

10. Moderna received emergency use authorization for SPIKEVAX® in the U.S. from the Food & Drug Administration ("FDA") on December 16, 2020, less than a year after beginning development. On January 31, 2022, Moderna received full approval from the FDA for its Biologics License Application for SPIKEVAX®.[7]

---

[2] Contract No. 75A50120000034 Development of an mRNA Vaccine for SARSCoV-2, § C.1 at 9, https://www.hhs.gov/sites/default/files/moderna-75a50120c00034.pdf.

[3] Army Contracting Command of the U.S. Department of Defense, Contract No. W911QY20C0100, https://www.hhs.gov/sites/default/files/moderna-large-scale-production-sars-cov-2-vaccine.pdf.

[4] *Id.*

[5] *Id.* at 19.

[6] *Id.* at 46 (also incorporating FAR clause 52.227-1 Alternate I).

[7] Colleen Hussey, Moderna Receives Full U.S. FDA Approval for COVID-19 Vaccine SPIKEVAX, https://investors.modernatx.com/news/news-details/2022/Moderna-Receives-Full-U.S.-FDA-Approval-for-COVID-19-Vaccine-Spikevax/default.aspx.

4

## C.   Alnylam Does Not Develop mRNA Medicines

11.   In contrast to Moderna's mission to deliver the greatest possible impact to people through mRNA medicines, Alnylam has based its entire business model on another type of RNA called small interfering RNA ("siRNA").  This distinction is notable because mRNA and siRNA are markedly different.  Structurally, mRNA is significantly larger than siRNA; this size difference makes it much harder to package mRNA into drug delivery vehicles (like LNPs).  Functionally, mRNA promotes the expression of protein in cells; siRNA, by contrast, shuts down cellular protein expression in a process called RNA interference ("RNAi").

12.   Unlike Moderna, Alnylam has not focused any of its drug development efforts towards mRNA therapeutics.  To be sure, *every* FDA-approved product Alnylam has brought to market involves methods of delivering siRNA—not mRNA.

13.   Alnylam's website is also telling.  Its front webpage describes Alnylam as "THE LEADING RNAi THERAPEUTICS COMPANY."[8]  Alnylam's website goes on to explain that its two therapeutic delivery platforms—lipid nanoparticles ("LNPs," *i.e.*, the subject of this lawsuit) and GalNAc conjugates—"enable delivery of small interfering RNA (siRNA) to target tissues."[9]  Nowhere on its website does Alnylam describe using either platform to deliver mRNA.

14.   The asserted patents in this suit further illustrate that Alnylam has not historically focused on mRNA.  The Patents-in-Suit are each titled "Biodegradable Lipids for the Delivery of Active Agents."  '229 Patent at 1; '479 Patent at 1; '480 Patent at 1.  The only "Active Agents" the '229 Patent's written description includes, however, are siRNA and miRNA.  In fact, nowhere in the hundreds of pages constituting the '229 Patent's written description or claims does the term

---

[8] https://www.alnylam.com/.

[9] https://www.alnylam.com/our-science/sirna-delivery-platforms.

"mRNA" appear.  Similarly, nowhere in the '479 and '480 Patents' respective written descriptions or claims does the term "mRNA" appear.

15.    At first blush, it may appear as though the same LNPs that effectively deliver siRNA into target cells would work well in therapeutic mRNA applications.  This could not be further from the truth.  As Romesh Subramanian—a former Moderna-affiliated scientist—stated, "off-the-shelf LNP formulations designed for siRNA" did not work well for mRNA delivery due to the significant size differences between the two molecules: "siRNA molecules are … about 20 nucleotides each," whereas "mRNA … can easily span thousands of nucleotides, wind into complex shapes, and change the properties of the LNP in ways that are hard to predict."  D.I. 1, Ex. 8 at 6.

16.    Tellingly, Alnylam never developed a protonatable lipid for use in an LNP that was capable of delivering mRNA, let alone manufactured or sold any mRNA-based FDA-approved product.

### D.    Alnylam Tries to Claim SM-102, Which It Did Not Invent

17.    Failing to develop any protonatable lipid or LNP technology for delivering mRNA, Alnylam instead improperly expanded the scope of its patent estate in an attempt to cover the inventions of others, including pioneers like Moderna.

18.    The Patents-in-Suit are directed to specific protonatable lipids, which are quite different than the proprietary lipid Moderna's scientists discovered, SM-102.  Alnylam filed the original application (PCT/US2012/068491) underlying the Patents-in-Suit in 2012.  From that application, Alnylam sought and was issued claims to certain protonatable lipids, none of which covered SM-102.

19.     Although its original application was filed in 2012, Alnylam did not seek patent claims that attempted to cover Moderna's proprietary lipid, SM-102, until after the structure of Moderna's lipid was made public, many years later during the grip of the COVID-19 pandemic. Only then did Alnylam attempt to cobble together claims it hoped would cover Moderna's proprietary SM-102 lipid and its use in Moderna's groundbreaking LNP technology for mRNA delivery and SPIKEVAX®.  But those claims are fatally flawed, having been stretched far beyond the patent's disclosure and previously described prior art.

## PARTIES

20.     Moderna, Inc. is a company organized and existing under the laws of the State of Delaware with a principal place of business at 200 Technology Square, Cambridge, Massachusetts 02139.

21.     ModernaTX, Inc. is a company organized and existing under the laws of the State of Delaware with a principal place of business at 200 Technology Square, Cambridge, Massachusetts 02139.

22.     Moderna US, Inc. is a company organized and existing under the laws of the State of Delaware with a principal place of business at 200 Technology Square, Cambridge, Massachusetts 02139.

23.     On information and belief, Alnylam is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 675 West Kendall Street, Henri A. Termeer Square, Cambridge, Massachusetts 02142.

## NATURE OF THE ACTION

24.     Moderna seeks declaratory judgment under the patent laws of the United States, 35 U.S.C. § 100 *et seq*., and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., that U.S. Patent

Nos. 11,590,229 ("the '229 Patent"), 11,633,479 ("the '479 Patent"), and 11,633,480 ("the '480 Patent") (collectively, the "Patents-in-Suit") are invalid and/or not infringed.

## JURISDICTION AND VENUE

25.    This Court has subject matter jurisdiction over these Counterclaims for declaratory judgment pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202 based on an actual controversy among the parties arising under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*.

26.    Personal jurisdiction over Alnylam is proper because Alnylam is a corporation organized and existing under the laws of the State of Delaware, and because Alnylam has consented to the personal jurisdiction of the Court by commencing its action for patent infringement in this Judicial District, as set forth in its Complaint.

27.    Venue is proper in this Judicial District under 28 U.S.C. §§ 1391 and 1400 as Alnylam is a corporation organized and existing under the laws of the State of Delaware, and by virtue of Alnylam's filing of this lawsuit in this venue.

28.    There is an actual justiciable controversy among the parties concerning non-infringement and invalidity of the Patents-in-Suit.

## COUNT I
### DECLARATORY JUDGMENT OF
### NONINFRINGEMENT OF THE '229 PATENT

29.    Moderna repeats and incorporates Paragraphs 1-28 as if fully set forth herein.

30.    Alnylam has brought claims against Moderna alleging SPIKEVAX® infringes the '229 Patent.

31.    A real, immediate, and justiciable controversy exists between Alnylam and Moderna regarding Moderna's alleged infringement of the '229 Patent.

32.     Moderna has not infringed and is not infringing any valid claim of the '229 Patent, willfully or otherwise, directly or indirectly, either literally or by application of the doctrine of equivalents.

33.     Moderna is entitled to a declaratory judgment that Moderna does not infringe, either directly or indirectly, and has not infringed, either directly or indirectly, any valid claim of the '229 Patent, either literally or under the doctrine of equivalents.

<u>**COUNT II**</u>
**DECLARATORY JUDGMENT OF**
**NONINFRINGEMENT OF THE '479 PATENT**

34.     Moderna repeats and incorporates Paragraphs 1-33 as if fully set forth herein.

35.     Alnylam has brought claims against Moderna alleging SPIKEVAX® infringes the '479 Patent.

36.     A real, immediate, and justiciable controversy exists between Alnylam and Moderna regarding Moderna's alleged infringement of the '479 Patent.

37.     Moderna has not infringed and is not infringing any valid claim of the '479 Patent, willfully or otherwise, directly or indirectly, either literally or by application of the doctrine of equivalents.

38.     Moderna is entitled to a declaratory judgment that Moderna does not infringe, either directly or indirectly, and has not infringed, either directly or indirectly, any valid claim of the '479 Patent, either literally or under the doctrine of equivalents.

<u>**COUNT III**</u>
**DECLARATORY JUDGMENT OF**
**NONINFRINGEMENT OF THE '480 PATENT**

39.     Moderna repeats and incorporates Paragraphs 1-38 as if fully set forth herein.

40.     Alnylam has brought claims against Moderna alleging SPIKEVAX® infringes the '480 Patent.

41.     A real, immediate, and justiciable controversy exists between Alnylam and Moderna regarding Moderna's alleged infringement of the '480 Patent.

42.      Moderna has not infringed and is not infringing any valid claim of the '480 Patent, willfully or otherwise, directly or indirectly, either literally or by application of the doctrine of equivalents.

43.     Moderna is entitled to a declaratory judgment that Moderna does not infringe, either directly or indirectly, and has not infringed, either directly or indirectly, any valid claim of the '480 Patent, either literally or under the doctrine of equivalents.

## COUNT IV
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '229 PATENT

44.     Moderna repeats and incorporates Paragraphs 1-43 as if fully set forth herein.

45.     Alnylam has brought claims against Moderna alleging infringement of at least claims 1-7, 10-18, and 21-25 of the '229 Patent.

46.     Moderna alleges that the claims of the '229 Patent are invalid for failure to comply with the statutory prerequisites of Title 35 of the United States Code, including without limitation, one or more of §§ 101, 102, 103, 112, and/or any judicially created requirements for patentability and enforceability of patent and/or in view of the defenses recognized in 35 U.S.C. § 282.

47.     Moderna is entitled to a declaratory judgment from this Court that the '229 Patent is invalid.

## COUNT V
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '479 PATENT

48.     Moderna repeats and incorporates Paragraphs 1-47 as if fully set forth herein.

49.     Alnylam has brought claims against Moderna alleging infringement of at least claims 1, 5, 6-9, 13, 14, 15, 16-20 of the '479 Patent.

50.     Moderna alleges that the claims of the '479 Patent are invalid for failure to comply with the statutory prerequisites of Title 35 of the United States Code, including without limitation, one or more of §§ 101, 102, 103, 112, and/or any judicially created requirements for patentability and enforceability of patent and/or in view of the defenses recognized in 35 U.S.C. § 282.

51.     Moderna is entitled to a declaratory judgment from this Court that the '479 Patent is invalid.

**COUNT VI**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '480 PATENT**

52.     Moderna repeats and incorporates Paragraphs 1-51 as if fully set forth herein.

53.     Alnylam has brought claims against Moderna alleging infringement of at least claims 5-10 of the '480 Patent.

54.     Moderna alleges that the claims of the '480 Patent are invalid for failure to comply with the statutory prerequisites of Title 35 of the United States Code, including without limitation, one or more of §§ 101, 102, 103, 112, and/or any judicially created requirements for patentability and enforceability of patent and/or in view of the defenses recognized in 35 U.S.C. § 282.

55.     Moderna is entitled to a declaratory judgment from this Court that the '480 Patent is invalid.

**COUNT VII**
**DECLARATORY JUDGMENT UNDER 28 U.S.C. § 1498**

56.     Moderna repeats and incorporates Paragraphs 1-55 as if fully set forth herein.[10]

---

[10] Moderna incorporates by reference its briefing concerning Moderna's Partial Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) and the U.S. Government's Statement of Interest concerning 28 U.S.C. § 1498 and SPIKEVAX® doses made pursuant to the C0100

57.     Under 28 U.S.C. § 1498(a), Alnylam has no claim against Moderna to the extent that, pursuant to the C0100 Contract, any use or manufacture of doses of SPIKEVAX® were made "for the Government" and "with the authorization or consent of the Government."

58.     Moderna is informed and believes, and based thereon alleges, that Alnylam disputes that Alnylam has no claim against Moderna to the extent that, pursuant to the C0100 Contract, any use or manufacture of SPIKEVAX® was done for the U.S. Government and with the authorization or consent of the U.S. Government.

59.     By virtue of the above facts, an actual controversy has arisen and now exists between Moderna and Alnylam as to whether Alnylam has no claim against Moderna to the extent that, pursuant to the C0100 Contract, any use or manufacture of SPIKEVAX® was done for the U.S. Government and with the authorization or consent of the U.S. Government.

60.     Moderna requests a judicial determination that Alnylam has no claim against Moderna to the extent that, pursuant to the C0100 Contract, any use or manufacture of SPIKEVAX® was done with the authorization and consent of the U.S. Government.  Such a declaratory judgment is necessary and appropriate at this time in order to determine the rights and legal relations of the parties, pursuant to 28 U.S.C. § 2201.

## RELIEF REQUESTED

WHEREFORE, Moderna respectfully requests that the Court enter a Judgment and Order in their favor and against Alnylam as follows:

(a)     Dismissing Alnylam's Complaint with prejudice and denying each and every prayer for relief contained therein;

---

Contract.  See *Alnylam Pharms. Inc., v. Moderna, Inc. et al*., 1:22-CV-335-CFC, D.I. 11-12, 18, 56, 56-1, and 78.

(b)    Declaring that Moderna does not infringe any claim of the Patents-in-Suit;

(c)    Declaring that the manufacture, use, offer to sell, and sale of the SPIKEVAX® vaccine within the United States, and its importation into the United States, does not infringe any claim of the Patents-in-Suit;

(d)    Declaring that the claims of the Patents-in-Suit are invalid;

(e)    Declaring that Alnylam and its agents, representatives, attorneys, and those persons in active concert or participation with them who receive actual notice thereof, be preliminarily and permanently enjoined from threatening or initiating infringement litigation against Moderna or any of their customers, dealers, or suppliers, or any prospective or present sellers, dealers, distributors, or customers of Moderna, or charging any of them either orally or in writing with infringement of the Patents-in-Suit;

(f)    Declaring that Alnylam has no claim against Moderna to the extent that, pursuant to the C0100 Contract, any use or manufacture of SPIKEVAX® was done for the U.S. Government and with the authorization or consent of the U.S. Government;

(g)    Awarding Moderna its attorneys' fees, together with costs and disbursements, including because this case is exceptional under 35 U.S.C. § 285; and

(h)    Awarding such other and further relief as the Court deems justified.

\*        \*        \*

## ANSWER

Moderna, Inc., Moderna TX, Inc., and Moderna US, Inc. (collectively "Moderna") by and through their undersigned attorneys, hereby respond to the allegations contained in the Complaint filed by Alnylam Pharmaceuticals, Inc. ("Alnylam" or "Plaintiff") and state their defenses to the

claims asserted against it. To the extent unnumbered headings contained in the Complaint purport to contain allegations supporting Plaintiff's claims, they are denied.

## NATURE OF THE ACTION

1.      Moderna admits that the United States Patent Office issued the Patents-in-Suit but denies that these patents are valid under Title 35 of the United States Code.  Moderna denies that any technology claimed by the Patents-in-Suit contributed in any way to the success of SPIKEVAX® developed by Moderna.  Moderna otherwise lacks the knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 and therefore denies the allegations.

2.      Paragraph 2 states legal conclusions to which no response is required.  To the extent a response is required, Moderna denies the allegations in Paragraph 2.

3.      Moderna admits that the Complaint (D.I. 1) purports to state that Alnylam does not seek injunctive relief under 35 U.S.C. § 283.  Moderna denies all of the remaining allegations of Paragraph 3.

## THE PARTIES

4.      On information and belief, Moderna admits that Alnylam is a Delaware corporation with a principal place of business at 675 West Kendall Street, Henri A. Termeer Square, Cambridge Massachusetts 02142.  Moderna otherwise lacks the knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 and therefore denies the allegations.

5.      Moderna lacks the knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 and therefore denies the allegations.

6.      Moderna admits that Moderna, Inc. is a Delaware corporation with a principal place of business at 200 Technology Square, Cambridge, Massachusetts 02139.  Moderna admits that Moderna, Inc. was previously known as Moderna Therapeutics, Inc. and is the parent company of ModernaTX, Inc. and Moderna US, Inc.  Moderna, Inc. admits that Exhibit 4 at 100 and Exhibit 5 at 99 and 128 purport to be Moderna, Inc.'s 2021 and 2022, respectively, 10K filings with the U.S. Securities and Exchange Commission and appear to include revenue from sales of SPIKEVAX®.  Moderna denies the remaining allegations of Paragraph 6.

7.      Moderna admits that ModernaTX, Inc. is a Delaware corporation with a principal place of business at 200 Technology Square, Cambridge, Massachusetts 02139.  Moderna admits that ModernaTX, Inc. is a wholly owned subsidiary of Moderna, Inc.  Moderna states that Exhibit 6 is an approval letter from the U.S. Food and Drug Administration to ModernaTX, Inc., dated May 9, 2023.  Exhibit 6 states that FDA approved Moderna's request to supplement its BLA for COVID-19 Vaccine, mRNA (SPIKEVAX®).  Exhibit 6 at 1.  Moderna states that Exhibit 7 purports to be prescribing information for SPIKEVAX®, purports to list ModernaTX as the entity to contact for suspected adverse reactions, and purports to include the contact information for ModernaTX as the entity to contact for general questions.  Exhibit 7 at 1-2, 71.  Moderna further admits that Exhibit 7 reads, "Moderna COVID-19 Vaccine is marketed as SPIKEVAX (COVID-19 Vaccine, mRNA), which is approved for use in individuals 18 years of age and older."  Exhibit 7 at 9 n.8.  Moderna denies the remaining allegations in Paragraph 7.

8.      Moderna admits that Moderna US, Inc. is a Delaware corporation with a principal place of business at 200 Technology Square, Cambridge, Massachusetts 02139.  Moderna admits that Moderna US, Inc. is a wholly-owned subsidiary of Moderna, Inc.  Moderna states that Exhibit 7 purports to be a January 2022 version of the prescribing information for SPIKEVAX®; under

"Manufacturer Information" in Exhibit 7, the email medinfo@modernatx.com and the telephone number 1-866-MODERNA are provided.  Exhibit 7 at 71.  Moderna admits that Moderna US, Inc. is listed on the following page.  Exhibit 7 at 72.  Moderna denies the remaining allegations in Paragraph 8.

9.      Paragraph 9 states legal conclusions to which no response is required.  To the extent a response is required, Moderna denies the allegations of Paragraph 9.

**JURISDICTION AND VENUE**

10.      Paragraph 10 states legal conclusions to which no response is required.  To the extent a response is required, Moderna admits that the Complaint purports to state a claim for infringement arising under the patent laws of the United States 35 U.S.C. § 1, *et seq*.  Moderna denies the remaining allegations of Paragraph 10.

11.      Paragraph 11 states legal conclusions to which no response is required.  To the extent a response is required and for purposes of this action only, Moderna does not contest that this Court has subject matter jurisdiction over this action.

12.      Paragraph 12 states legal conclusions to which no response is required.  To the extent a response is required, Moderna does not contest that the Court has personal jurisdiction over Moderna, Inc., ModernaTX, Inc., and Moderna US, Inc. solely for purposes of this action.

13.      Paragraph 13 states legal conclusions to which no response is required.  To the extent a response is required, Moderna does not contest that the Court has personal jurisdiction over Moderna, Inc., ModernaTX, Inc., and Moderna US, Inc. solely for purposes of this action.  Moderna denies that SPIKEVAX®, made using SM-102, infringes the Patents-in-Suit directly or indirectly.  Moderna denies the remaining allegations of Paragraph 13.

14.     Paragraph 14 states legal conclusions to which no response is required.  To the extent a response is required, Moderna does not contest that the Court has personal jurisdiction over Moderna, Inc., ModernaTX, Inc., and Moderna US, Inc. solely for purposes of this action. Moderna denies that SPIKEVAX®, made using SM-102, infringes the Patents-in-Suit directly or indirectly.  Moderna denies the remaining allegations of Paragraph 14.

15.     Paragraph 15 states legal conclusions to which no response is required.  To the extent a response is required, Moderna does not contest that the Court has personal jurisdiction over Moderna, Inc., ModernaTX, Inc., and Moderna US, Inc. solely for purposes of this action. Moderna denies that SPIKEVAX®, made using SM-102, infringes the Patents-in-Suit directly or indirectly.  Moderna denies the remaining allegations of Paragraph 15.

16.     Paragraph 16 states legal conclusions to which no response is required.  To the extent a response is required, Moderna does not content that Moderna, Inc., ModernaTX, Inc., and Moderna US, Inc. are Delaware corporations and that venue is proper for purposes of this action only.

## **BACKGROUND**

A.     **RNA THERAPEUTICS**

17.     The allegations of Paragraph 17 purport to rely on Exhibit 8, pages 1-2, which speaks for itself.  At least because of the scope, breadth, and vagueness of this allegation, Moderna lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 and therefore denies the allegations.

18.     At least because of the scope, breadth, and vagueness of this allegation, Moderna lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 and therefore denies the allegations.

19.     At least because of the scope, breadth, and vagueness of this allegation, Moderna lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 and therefore denies the allegations.

20.     Moderna admits that Alnylam markets ONPATTRO®, an siRNA drug.  At least because of the scope, breadth, and vagueness of this allegation, Moderna lacks the knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 20 and therefore denies the allegations.

**B.     ALNYLAM'S BREAKTHROUGH BIODEGRADABLE LIPID PARTICLE TECHNOLOGY FOR DELIVERY OF RNA TO CELLS**

21.     At least because of the scope, breadth, and vagueness of this allegation, Moderna lacks the knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 and therefore denies the allegations.

**C.     THE PATENTS-IN-SUIT**

22.     Paragraph 22 states legal conclusions to which no response is required.  To the extent a response is required, Moderna lacks the knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 22 and therefore denies the allegations.

23.     Moderna admits that the '229 Patent is titled "Biodegradable Lipids for the Delivery of Active Agents" and that an issuance date of February 28, 2023 appears on the face of the '229 Patent.  Moderna admits that on the face of the '229 Patent, Alnylam is listed as an assignee, but Moderna lacks information or knowledge as to whether this is true.

24.     Paragraph 24 states legal conclusions to which no response is required.  To the extent a response is required, Moderna denies the allegations in Paragraph 24.

25.     Moderna admits that claim 1 of the '229 Patent recites the above claim language. Moderna otherwise denies the remaining allegations of Paragraph 25.

26.     Moderna admits that claim 11 of the '229 Patent recites the above claim language. Moderna otherwise denies the remaining allegations of Paragraph 26.

27.     Moderna admits that claim 21 of the '229 Patent recites the above claim language. Moderna otherwise denies the remaining allegations of Paragraph 27.

28.     Paragraph 28 states legal conclusions to which no response is required.  To the extent a response is required, Moderna denies the allegations in Paragraph 28.

29.     Moderna admits that the '479 Patent is titled "Biodegradable Lipids for the Delivery of Active Agents" and that an issuance date of April 25, 2023 appears on the face of the '479 Patent.  Moderna admits that on the face of the '479 Patent, Alnylam is listed as an assignee, but Moderna lacks information or knowledge as to whether this is true.

30.     Paragraph 30 states legal conclusions to which no response is required.  To the extent a response is required, Moderna denies the allegations in Paragraph 30.

31.     Moderna admits that claim 1 of the '479 Patent recites the above claim language. Moderna otherwise denies the remaining allegations of Paragraph 31.

32.     Moderna admits that claim 5 of the '479 Patent recites the above claim language. Moderna otherwise denies the remaining allegations of Paragraph 32.

33.     Moderna admits that claim 6 of the '479 Patent recites the above claim language. Moderna otherwise denies the remaining allegations of Paragraph 33.

34.     Moderna admits that claim 13 of the '479 Patent recites the above claim language. Moderna otherwise denies the remaining allegations of Paragraph 34.

35.     Moderna admits that claim 14 of the '479 Patent recites the above claim language. Moderna otherwise denies the remaining allegations of Paragraph 35.

36.     Moderna admits that claim 15 of the '479 Patent recites the above claim language. Moderna otherwise denies the remaining allegations of Paragraph 36.

37.     Moderna admits that claim 16 of the '479 Patent recites the above claim language. Moderna otherwise denies the remaining allegations of Paragraph 37.

38.     Paragraph 38 states legal conclusions to which no response is required.  To the extent a response is required, Moderna denies the allegations in Paragraph 38.

39.     Moderna admits that the '480 Patent is titled "Biodegradable Lipids for the Delivery of Active Agents" and that an issuance date of April 25, 2023 appears on the face of the '480 Patent.  Moderna admits that on the face of the '480 Patent, Alnylam is listed as an assignee, but Moderna lacks information or knowledge as to whether this is true.

40.     Paragraph 40 states legal conclusions to which no response is required.  To the extent a response is required, Moderna denies the allegations in Paragraph 40.

41.     Moderna admits that claim 5 of the '480 Patent recites the above claim language. Moderna otherwise denies the remaining allegations of Paragraph 41.

42.     Paragraph 42 states legal conclusions to which no response is required.  To the extent a response is required, Moderna denies the allegations in Paragraph 42.

D.     **ALNYLAM PRESENTED CONFIDENTIAL INFORMATION REGARDING ITS PATENTED LIPID PARTICLE TECHNOLOGY TO MODERNA IN 2014**

43.     Moderna admits that Exhibit 9 purports to be a Mutual Confidentiality Agreement between Alnylam Pharmaceuticals, Inc. and Moderna Therapeutics Inc. dated February 7, 2014. *See* Exhibit 9 at 1.  Moderna admits that Section 1 of Exhibit 9 states the following: "In the course of such discussions and negotiations, it is anticipated that either party may disclose or deliver to

the other party certain confidential or proprietary materials or information for the purpose of enabling the other party to evaluate the feasibility or desirability of such business or research relationship (the 'Purpose')."  *Id*., § 1.  Moderna also admits that Section 3 of Exhibit 9 states the following: "The Recipient shall use such Confidential Information only for the Purpose for which it was disclosed as set forth above and shall not use or exploit such Confidential Information for its own benefit or the benefit of another without the prior written consent of the Disclosing Party." *Id*., § 3.  Moderna denies the remaining allegations in Paragraph 43.

44.     Moderna admits that on or about April 28, 2014, the following individuals met with Alnylam: Stephen Hoge (then Senior VP of Corporate Development), Said Francis (then Director of Business Development), Matt Stanton (then VP of Chemistry), and Örn Almarsson (then Senior VP of Formulation and Delivery Technology) attended this meeting.  Moderna denies the remaining allegations in Paragraph 44.

45.     Moderna denies the allegations in Paragraph 45.

46.     Moderna admits that apart from the Mutual Confidentiality Agreement between Alnylam Pharmaceuticals, Inc. and Moderna Therapeutics Inc. dated February 7, 2014, no agreements exist between Moderna and Alnylam.  Moderna denies the remaining allegations in Paragraph 46.

47.     Moderna denies the allegations in Paragraph 47.

**E.     MODERNA'S COVID-19 VACCINE**

48.     Moderna admits that in early 2020 it began developing and formulating a vaccine for the prevention of the novel coronavirus (SARS-CoV-2).  Moderna denies that its lipid particles containing SM-102 infringe the Patents-In-Suit.  Paragraph 48 otherwise states legal conclusions

to which no response is required.  To the extent a response is required, Moderna denies the remaining allegations in Paragraph 48.

49.    Moderna, Inc. admits that Exhibit 11 states that "[t]he NIH and Moderna's infections disease research team finalized the sequence for mRNA-1273" on "Jan[.] 13, 2020." Exhibit 11 at 3.  Moderna denies the remaining allegations in Paragraph 49.

50.    Moderna admits that Exhibit 12 states "[t]he first clinical batch [of SPIKEVAX®] . . . was completed on February 7, 2020[.]"  Exhibit 12 at 1.  Moderna admits that Exhibit 12 also states: "[t]he first participant in the [National Institute of Allergy and Infectious Diseases]-led Phase 1 study of mRNA-1273 was dosed on March 16, [2020.]" *Id*.  Moderna denies the remaining allegations of Paragraph 50.

51.    Moderna admits that Exhibit 12, an April 27, 2020 Moderna press release, states "Moderna, Inc., (Nasdaq: MRNA) a clinical stage biotechnology company pioneering messenger RNA (mRNA) therapeutics and vaccines to create a new generation of transformative medicines for patients, today announced that it has submitted an Investigational New Drug (IND) application to the U.S. Food and Drug Administration (FDA) for the company's mRNA vaccine candidate (mRNA-1273) against the novel coronavirus (SARS-CoV-2) . . . ."  Exhibit 12 at 1.  Moderna admits that Exhibit 13, an August 11, 2020 Moderna press release, states "On May 12, the FDA granted mRNA-1273 Fast Track designation."  Exhibit 13 at 1.  Moderna denies the remaining allegations of Paragraph 51.

52.    Moderna admits that Exhibit 14, a November 30, 2020 Moderna press release, states "Moderna, Inc. (Nasdaq: MRNA), a biotechnology company pioneering messenger RNA (mRNA) therapeutics and vaccines to create a new generation of transformative medicines for patients, today announced that the primary efficacy analysis of the Phase 3 study of mRNA-1273

conducted on 196 cases confirms the high efficacy observed at the first interim analysis."  Exhibit 14 at 1.  Moderna admits that Exhibit 14 also states "[t]he Company also announced that today, Moderna plans to request an Emergency Use Authorization (EUA) from the U.S. Food and Drug Administration (FDA) and conditional approval from the European Medicines Agency (EMA)." *Id*.  Moderna denies the remaining allegations of Paragraph 52.

53.     Moderna states that Exhibit 15 purports to be an April 18, 2023 letter from the FDA—and in particular, Peter Marks, Director for Center for Biologics Evaluation and Research—to Michelle Olsen of ModernaTX, Inc.  Moderna admits that Exhibit 15 states: "On December 18, 2020, the Food and Drug Administration (FDA) issued an Emergency Use Authorization (EUA) for emergency use of Moderna COVID-19 Vaccine for the prevention of COVID-19 for individuals 18 years of age and older, pursuant to Section 564 of the Act."  Exhibit 15 at 1.  Moderna admits that Exhibit 15 states: "For the December 18, 2020 authorization for individuals 18 years of age and older, FDA reviewed safety and efficacy data from an ongoing phase 3 trial (Study 1) in approximately 30,000 participants randomized 1:1 to receive Moderna COVID-19 Vaccine or saline control."  Exhibit 15 at 5.  Moderna denies that SPIKEVAX®, made using lipid particles, infringes the Patents-in-Suit directly or indirectly.  Moderna lacks the knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 53 and therefore denies the allegations.  Moderna denies the remaining allegations of Paragraph 53.

54.     Moderna states that Exhibit 15 purports to be an April 18, 2023 letter from the FDA—and in particular, Peter Marks, Director for Center for Biologics Evaluation and Research—to Michelle Olsen of ModernaTX, Inc.  Moderna admits that Exhibit 15 states: "On

January 31, 2022, FDA approved SPIKEVAX (COVID-19 Vaccine, mRNA)…."  Exhibit 15 at 2.

Moderna denies the remaining allegations of Paragraph 54.

54. Moderna admits that Exhibit 4 reads, "For the year ended December 31, 2021, we delivered approximately 332 million doses of our COVID-19 vaccine to the U.S. Government and approximately 475 million doses to other governments, and we recognized $17.7 billion in product sales."  Exhibit 4 at 100.  Moderna admits that Exhibit 5 includes revenue from product sales primarily associated with Moderna's COVID-19 vaccine supply agreements with the U.S. Government, other international governments and organizations.  Exhibit 5 at 127.  Moderna admits that, in the year ended December 31, 2022, Moderna recognized $18,435,000,000 total revenue from its sales and $4,405,000,000 in revenue from its sales in the United States.  Exhibit 5 at 127.  Moderna denies the remaining allegations of Paragraph 55.

56. Moderna states that Exhibit 15 purports to be an April 18, 2023 letter from the FDA—and in particular, Peter Marks, Director for Center for Biologics Evaluation and Research—to Michelle Olsen of ModernaTX, Inc.  Moderna admits that Exhibit 15 reads: "In the June 17, 2022 revision, FDA authorized the use of: SPIKEVAX (COVID-19 Vaccine, mRNA) or the Moderna COVID-19 Vaccine as: 1) a two-dose primary series for the prevention of COVID-19 in individuals 12 through 17 years of age…. FDA also authorized the Moderna COVID-19 Vaccine as 1) a two-dose primary series for the prevention of COVID-19 in individuals 6 months through 11 years of age (6  months through 5 years of age, and 6 years through 11 years of age)…" Exhibit 15 at 3 n.13.  Moderna admits that Exhibit 15 reads: "In the August 31, 2022 revision, FDA authorized the use of Moderna COVID-19 Vaccine, Bivalent (Original and Omicron BA.4/BA.5) in multiple dose vials with dark blue caps and labels with gray borders… for the prevention of COVID-19 in individuals 18 years of age or older as a single booster dose…"

Exhibit 15 at 3 n.14. Moderna admits that Exhibit 15 reads: "Subsequently, FDA reissued the letter of authorization on October 12, 2022, and December 8, 2022." Exhibit 15 at 4. Exhibit 15 also reads, "In the December 8, 2022 revision, FDA authorized the use of Moderna COVID-19 Vaccine, Bivalent in multiple dose vials with dark pink caps and labels with a yellow box… in individuals 6 months through 5 years of age…" Exhibit 15 at 4 n.18. Moderna denies the remaining allegations contained in Paragraph 56.

57.     Moderna states that Exhibit 16 purports to be FDA News Release dated April 18, 2023 and titled, "Coronavirus (COVID-19) Update: FDA Authorizes Changes to Simplify Use of Bivalent mRNA COVID-19 Vaccines." Moderna admits that Exhibit 16 reads, "Today, the U.S. Food and Drug Administration amended the emergency use authorizations (EUAs) of the Moderna and Pfizer-BioNTech COVID-19 bivalent mRNA vaccines to simplify the vaccination schedule for most individuals. This action includes authorizing the current bivalent vaccines (original and omicron BA.4/BA.5 strains) to be used for all doses administered to individuals 6 months of age and older… The monovalent Moderna and Pfizer-BioNTech COVID-19 vaccines are no longer authorized for use in the United States." Exhibit 16 at 1. Moderna denies that SPIKEVAX®, made using lipid particles, infringes the Patents-in-Suit directly or indirectly. Moderna denies the remaining allegations contained in Paragraph 57.

58.     Moderna admits that Exhibit 17, a May 20, 2021 news article, states: "Moderna Inc. has begun exporting U.S.-produced Covid-19 vaccines to other countries, a key step as U.S. vaccine supply begins to be shipped abroad. … Both the Biden administration and Moderna confirmed this week that the company has begun to ship vaccine supply abroad from its U.S. production, though it's not clear when that began, how many doses have been shipped or where they've been sent." Exhibit 17 at 1-2. Moderna admits that Exhibit 18, a June 9, 2021 news article,

states: "Procurement Minister Anita Anand announced on Wednesday that Moderna will send seven million doses in June – more than doubling in a few weeks what it has delivered in the past five months.  Ms. Anand said the company will send 11.2 million doses in this quarter. In April, the company downgraded the amount Canada would get between April and June – to 10.3 million shots from 12.3 million."  Exhibit 18 at 2.  Moderna admits that Exhibit 19 depicts a table listing Moderna as agreeing to a future supply of "[u]p to 35 million for 2022, up to 35 million in 2023, and up to 35 million in 2024."  Exhibit 19 at 3.  Moderna denies the remaining allegations of Paragraph 58.

59.     Moderna admits that Exhibit 20, a Yahoo! Finance News Article dated May 4, 2022, purports to quote Mr. Stéphane Bancel as saying, "I think it will come through. I just need to be ready for the alternative which is we have to go to a typical, what every pharmaceutical product does, private market."  Exhibit 20 at 2.  Moderna admits that Exhibit 20 also reads the following: "'This might actually provide some upside not only on sales, because there's zero sales assumed in the $21 billion, but (also) on pricing.  CMS [Centers for Medicare & Medicaid Services] has basically come up saying for fiscal year 2023, which starts in October, the price for COVID-19 vaccines should be around $60,' Bancel said. By comparison, the U.S. government previously purchased the doses for $16.50 in the past two years, he added."  Exhibit 20 at 3. Moderna admits that Exhibit 21, a news article dated January 10, 2023, states: "The mRNA technology company Moderna (Nasdaq:MRNA) said it is planning to charge between $110 to $130 for COVID-19 vaccine doses in the U.S. once private market sales begin."  Exhibit 21 at 1. Moderna denies the remaining allegations of Paragraph 59.

60.     Moderna admits that Exhibit 22, a January 17, 2023 Moderna News Release, states: "mRNA-1345 is an investigational RSV vaccine that consists of a single mRNA sequence

encoding for a stabilized prefusion F glycoprotein. The vaccine uses the same lipid nanoparticles (LNPs) as in the Moderna COVID-19 vaccines." Exhibit 22 at 3.  Moderna admits that Exhibit 22 states: "Based on these results, Moderna intends to submit [mRNA-1345] for regulatory approval in the first half of 2023."  Exhibit 22 at 1.  Moderna denies the remaining allegations of Paragraph 60.

F.   **ALNYLAM'S PATENTED LIPID PARTICLE TECHNOLOGY IS ESSENTIAL TO MODERNA'S COVID-19 VACCINE**

61.   Moderna denies that any of the technology claimed by the Patents-in-Suit is included in the SPIKEVAX® vaccine.  Moderna further denies that any technology claimed by the Patents-in-Suit is essential to the efficacy and safety of the SPIKEVAX® vaccine.  Moderna lacks the knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 61 and on that basis denies the allegations.

62.   Moderna admits that Exhibit 8 states: "LNP development has been a headache, but without this packaging, mRNA vaccines would be nothing. 'It is the unsung hero of the whole thing,' says Giuseppe Ciaramella, who was head of infectious diseases at Moderna from 2014 to 2018."  Exhibit 8 at 2.  Moderna denies the remaining allegations of Paragraph 62.

63.   Moderna admits that on July 21, 2020, Dr. Stephen Hoge, the President of Moderna, Inc., testified before the House Energy and Commerce Committee, Subcommittee on Oversight and Investigations about Moderna's COVID-19 Vaccine.  Moderna admits that Exhibit 23 states that "Moderna has developed a proprietary lipid-nanoparticle-delivery system that enhances safety and tolerability."  Exhibit 23 at 4.  Moderna denies that its lipid-nanoparticle-delivery system "relies on the patented Alnylam Lipid Particle Technology."  Moderna denies the remaining allegations of Paragraph 63.

64.     Moderna admits that Exhibit 24 is a portion of a Yahoo article dated February 24, 2021 (found at https://www.yahoo.com/video/yahoo-finance-presents-moderna-ceo-225500148.html) that purports to contain a video transcript of an interview with Moderna's CEO, Stéphane Bancel.  Moderna admits that the Yahoo article states: "[s]o this early PEI that we invented in our labs that is biodegradable, so it's a big competitive advantage for us."  Moderna denies the remaining allegations of Paragraph 64.

## MODERNA'S INFRINGING ACTIVITIES

65.     Moderna admits that SPIKEVAX® vaccine contains lipid particles.  Moderna denies the remaining allegations of Paragraph 65.

66.     Moderna admits that Exhibit 26 of the Complaint purports to be Plaintiff's claim chart for claims 1-7, 10-18, and 21-25 of the '229 Patent.  Moderna denies infringement of any claim of the '229 Patent and any remaining allegations contained in Paragraph 66.

67.     Moderna admits that lipid particles are used in SPIKEVAX®.  Moderna denies that SPIKEVAX®, made using lipid particles, infringes the  Patents-in-Suit directly or indirectly.  Moderna denies the remaining allegations contained in Paragraph 67.

68.     Moderna admits that on or about February 28, 2023, it became aware of the issued '229 Patent.  Moderna admits that Sarah Fischer, counsel for Alnylam, emailed attorneys from Gibson Dunn and Farnan Law, counsel for Moderna, on June 23, 2022 and, in that email, wrote of U.S, Patent Application No. 17/651,029, the respective Notice of Allowability, and Alnylam's payment of the issue fee; Alnylam also attached to the email the claims as allowed and the Notice of Allowability.  Moderna denies the remaining allegations contained in Paragraph 68.

69.     Moderna admits that SPIKEVAX® vaccine contains SM-102.  Moderna denies that SPIKEVAX® infringes any claims of the '479 Patent directly or indirectly.  Moderna denies the remaining allegations contained in Paragraph 69.

70.     Moderna admits that Exhibit 7, titled "Fact Sheet for Healthcare Providers Administering Vaccine: Emergency Use Authorization of Moderna COVID-19 Vaccine, Bivalent" reads: "Each [0.2 mL] dose [of Moderna COVID-19 Vaccine] also contains the following ingredients: a total lipid content of 0.20 mg (SM-102, polyethylene glycol [PEG] 2000 dimyristoyl glycerol [DMG], cholesterol, and 1,2-distearoyl-sn-glycero-3-phosphocholine [DSPC])…" Exhibit 7 at 48.  Exhibit 7 also states: "Each [0.5 mL] dose also contains the following ingredients: a total lipid content of 1.01 mg (SM-102, polyethylene glycol [PEG] 2000 dimyristoyl glycerol [DMG], cholesterol, and 1,2-distearoyl-sn-glycero-3-phosphocholine [DSPC])…"  Exhibit 7 at 48.  Moderna denies the remaining allegations contained in Paragraph 70.

71.     Moderna states that Exhibit 25 purports to be a 2021 journal article titled, "mRNA-lipid nanoparticle COVID-19 vaccines: Structure and stability."  Moderna admits that Exhibit 25 depicts a molar lipid ratio of 50:10:38.5:1.5 for the ionizable cationic lipid : neutral lipid : cholesterol : PEGylated lipid.  Exhibit 25 at 3.  Moderna denies the remaining allegations contained in Paragraph 71.

72.     Moderna denies that Exhibit 25 describes SM-102 as "9-heptadecanyl 8-{(2-hydroxyethyl)[6-oxo-6-(undecyloxy)hexyl] amino}octanoate."  Moderna admits that Exhibit 25 at 3 states "SM-102 (heptadecan-9-yl 8-((2-hydroxyethyl) (6-oxo-6-(undecyloxy) hexyl) amino) octanoate}."  Exhibit 25 at 3.  Moderna also denies that Exhibit 25 depicts SM-102 as shown in the structure above.  Exhibit 25, instead, depicts SM-102's structure as:

SM-102

*Id.* at 8.  Moderna denies the remaining allegations contained in paragraph 72.

73.  Moderna admits that SPIKEVAX® vaccine contains SM-102.  Moderna denies the remaining allegations contained in Paragraph 73.

74.  Moderna admits that Exhibit 27 of the Complaint purports to be Plaintiff's claim chart for claims 6-9 and 16-20 of the '479 Patent.  Moderna denies infringement of any claim of the '479 Patent and any remaining allegations contained in Paragraph 74.

75.  Moderna admits that on or about April 25, 2023 it became aware of the '479 Patent.  Moderna denies the remaining allegations contained in Paragraph 75.

76.  Moderna admits that SPIKEVAX® vaccine contains SM-102.  Moderna denies the remaining allegations contained in Paragraph 76.

77.  Moderna admits that Exhibit 7, titled "Fact Sheet for Healthcare Providers Administering Vaccine: Emergency Use Authorization of Moderna COVID-19 Vaccine, Bivalent" states: "Each [0.2 mL] dose [of Moderna COVID-19 Vaccine] also contains the following ingredients: a total lipid content of 0.20 mg (SM-102, polyethylene glycol [PEG] 2000 dimyristoyl glycerol [DMG], cholesterol, and 1,2-distearoyl-sn-glycero-3-phosphocholine [DSPC])…" Exhibit 7 at 48.  Exhibit 7 also states: "Each [0.5 mL] dose also contains the following ingredients: a total lipid content of 1.01 mg (SM-102, polyethylene glycol [PEG] 2000 dimyristoyl glycerol [DMG], cholesterol, and 1,2-distearoyl-sn-glycero-3-phosphocholine [DSPC])…" Exhibit 7 at 48.  Moderna denies the remaining allegations contained in Paragraph 77.

78.     Moderna denies that Exhibit 25 describes SM-102 as "9-heptadecanyl 8-{(2-hydroxyethyl)[6-oxo-6-(undecyloxy)hexyl] amino}octanoate." Moderna admits that Exhibit 25 at 3 states "SM-102 (heptadecan-9-yl 8-((2-hydroxyethyl) (6-oxo-6-(undecyloxy) hexyl) amino) octanoate}." Exhibit 25 at 3. Moderna also denies that Exhibit 25 depicts SM-102 as shown in the structure above. Exhibit 25, instead, depicts SM-102's structure as:



SM-102

*Id.* at 8. Moderna denies the remaining allegations contained in paragraph 78.

79.     Moderna admits that the SPIKEVAX® vaccine contains SM-102. Moderna denies the remaining allegations of Paragraph 79.

80.     Moderna admits that Exhibit 28 of the Complaint purports to be Plaintiff's claim chart for claims 5-10 of the '480 Patent. Moderna denies infringement of any claim of the '480 Patent and any remaining allegations contained in Paragraph 80.

81.     Moderna admits that on or about April 25, 2023 it became aware of the '480 Patent. Moderna denies the remaining allegations contained in Paragraph 81.

## FIRST CAUSE OF ACTION
### (Infringement of the '229 Patent)

82.     Moderna incorporates by reference its responses contained in the foregoing paragraphs.

83.     Moderna denies the allegations of Paragraph 83.

84.     Moderna denies the allegations of Paragraph 84.

85.     Moderna denies the allegations of Paragraph 85.

## SECOND CAUSE OF ACTION
### (Infringement of the '479 Patent)

86.     Moderna incorporates by reference its responses contained in the foregoing paragraphs.

87.     Moderna denies the allegations of Paragraph 87.

88.     Moderna denies the allegations of Paragraph 88.

89.     Moderna denies the allegations of Paragraph 89.

## THIRD CAUSE OF ACTION
### (Infringement of the '480 Patent)

90.     Moderna incorporates by reference its responses contained in the foregoing paragraphs.

91.     Moderna denies the allegations of Paragraph 91.

92.     Moderna denies the allegations of Paragraph 92.

93.     Moderna denies the allegations of Paragraph 93

## ANSWER TO PLAINTIFF'S PRAYER FOR RELIEF

Alnylam's Prayer for Relief does not require a response.  To the extent a response is required, Moderna denies that Alnylam is entitled to any relief whatsoever, whether as sought in its Prayer for Relief, or otherwise, in connection with this civil action.

## MODERNA'S AFFIRMATIVE DEFENSES

Further answering the Complaint, Moderna asserts the following defenses without assuming any burden that they would not otherwise have, including without admitting or acknowledging that they bear the burden of proof as to any of them.  Moderna reserves the right to amend its answer with additional defenses as further information is obtained.

## FIRST AFFIRMATIVE DEFENSE
### (NON-INFRINGEMENT OF THE '229 PATENT)

Moderna does not directly or indirectly infringe, either literally or under the doctrine of equivalents, and at all relevant times to this action has not infringed, any valid claim of the '229 Patent.

## SECOND AFFIRMATIVE DEFENSE
### (NON-INFRINGEMENT OF THE '479 PATENT)

Moderna does not directly or indirectly infringe, either literally or under the doctrine of equivalents, and at all relevant times to this action has not infringed, any valid claim of the '479 Patent.

## THIRD AFFIRMATIVE DEFENSE
### (NON-INFRINGEMENT OF THE '480 PATENT)

Moderna does not directly or indirectly infringe, either literally or under the doctrine of equivalents, and at all relevant times to this action has not infringed, any valid claim of the '480 Patent.

## FOURTH AFFIRMATIVE DEFENSE
### (INVALIDITY OF THE '229 PATENT)

The '229 Patent are invalid for failure to satisfy one or more conditions and requirements of patentability set forth in 35 U.S.C. §§ 101 *et seq*. Each and every claim of the '229 Patent is invalid for failing to meet one or more of the requisite conditions of patentability specified in 35 U.S.C. §§ 101, 102, 103 and/or 112, or under any of the judicially created doctrines of invalidity.

## FIFTH AFFIRMATIVE DEFENSE
### (INVALIDITY OF THE '479 PATENT)

The '479 Patent are invalid for failure to satisfy one or more conditions and requirements of patentability set forth in 35 U.S.C. §§ 101 *et seq*. Each and every claim of the '479 Patent is

invalid for failing to meet one or more of the requisite conditions of patentability specified in 35 U.S.C. §§ 101, 102, 103 and/or 112, or under any of the judicially created doctrines of invalidity.

## SIXTH AFFIRMATIVE DEFENSE
### (INVALIDITY OF THE '480 PATENT)

The '480 Patent are invalid for failure to satisfy one or more conditions and requirements of patentability set forth in 35 U.S.C. §§ 101 *et seq*.  Each and every claim of the '480 Patent is invalid for failing to meet one or more of the requisite conditions of patentability specified in 35 U.S.C. §§ 101, 102, 103 and/or 112, or under any of the judicially created doctrines of invalidity.

## SEVENTH AFFIRMATIVE DEFENSE
### (NO WILLFUL INFRINGEMENT)

Moderna has not willfully infringed, and does not willfully infringe, any valid claim of the '229, '479, and '480 Patents.

## EIGTH AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM)

Alnylam's Complaint fails to state a claim on which relief can be granted.

## NINTH AFFIRMATIVE DEFENSE
### (PATENT MISUSE)

Alnylam has sought to enforce the '229, '479, and '480 Patents for products and acts Alnylam knows are outside the claims of the '229, '479, and '480 Patents, rendering the '229, '479, and '480 Patents unenforceable on account of patent misuse.

## TENTH AFFIRMATIVE DEFENSE
### (GOVERNMENT SALES)

Moderna incorporates by reference its briefing concerning Moderna's Partial Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) and the U.S. Government's Statement of Interest concerning 28 U.S.C. § 1498 and SPIKEVAX® doses made pursuant to the W911QY20C0100 Contract ("the C0100 Contract").  *See Alnylam Pharms. Inc. v. Moderna, Inc.*

*et al*., 1:22-CV-335-CFC, D.I. 11-12, 18, 56, 56-1, 78.   Moderna's manufacture and sale of SPIKEVAX® pursuant to the C0100 Contract was and continues to be for the benefit of the U.S. Government and with the U.S. Government's authorization and consent under 28 U.S.C. § 1498(a). Accordingly, Plaintiffs' claims based on Moderna's manufacture and sale of SPIKEVAX® pursuant to the C0100 Contract are barred by 28 U.S.C. § 1498(a).

## ELEVENTH AFFIRMATIVE DEFENSE
### (NO COSTS)

Plaintiff is barred by 35 U.S.C. § 288 from recovering any costs associated with this action.

## TWELTH AFFIRMATIVE DEFENSE
### (NO EXCEPTIONAL CASE)

Moderna's actions in defending this case or otherwise does not give rise to an exceptional case in Plaintiffs' favor under 35 U.S.C. § 285.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (PROSECUTION HISTORY DISCLAIMER AND ESTOPPEL)

Plaintiff is barred, based on statements, representations, and admissions made during prosecution of the patent applications resulting in the '229, '479, and '480 Patents or related patent applications, from asserting any interpretation of any valid claims of the '229, '479, and '480 Patents that would be broad enough to cover any accused product alleged to infringe the '229, '479, and '480 Patents, either literally or by application of the doctrine of equivalents, or under any theory of infringement.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (ESTOPPEL, WAIVER, ACQUIESCENCE, LACHES, AND UNCLEAN HANDS)

Plaintiff's claims and/or requested relief are barred by one or more of the doctrines of estoppel, waiver, acquiescence, laches, and unclean hands from enforcing, or claiming a reasonably royalty and/or lost profits with respect to any claim of the '229, '479, and '480 Patents.

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(PROSECUTION LACHES)**

Plaintiff's claim and recovery of damages with respect to any claim of the '229, '479, and '480 Patents are barred in whole or in part under the doctrine of prosecution laches.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(35 U.S.C. § 271(e)(1))**

Aspects of Moderna's alleged infringement of the '229, '479, and '480 Patents are reasonably related to Moderna's development and submission of information to the FDA for the Emergency Use Authorization and the Biologics License Application regarding SPIKEVAX®. Accordingly, such claims for infringement against Moderna are barred by the safe harbor of 35 U.S.C. § 271(e)(1).

**SEVENTEENTH AFFIRMATIVE DEFENSE**
**(ADDITIONAL DEFENSES)**

Moderna reserves the right to assert further defenses in the event that discovery indicates such defenses would be appropriate.

**DEMAND FOR A JURY TRIAL**

Moderna requests a jury trial for all issues so triable.

Dated:   July 17, 2023                     Respectfully submitted,

                                          FARNAN LLP

                                   By:   */s/ Michael J. Farnan*
                                          Brian E. Farnan (#4089)
                                          Michael J. Farnan (#5165)
                                          919 N. Market Street, 12th Floor
                                          Wilmington, Delaware 19801
                                          (302) 777-0300
                                          (302) 777-0301
                                          bfarnan@farnanlaw.com
                                          mfarnan@farnanlaw.com

                                          W. Chad Shear (#5711)
                                          Geoffrey D. Biegler

COOLEY LLP
10265 Science Center Dr.
San Diego, CA 92121
(858) 550-6000
cshear@cooley.com
gbiegler@cooley.com

Elizabeth M. Flanagan (#5891)
COOLEY LLP
110 N. Wacker Dr., Suite 4200
Chicago, IL 60606-1511
(312) 881-6500
bflanagan@cooley.com

Angela R. Madrigal
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304
(650) 843-5000
amadrigal@cooley.com

Attorneys for Defendants,
MODERNA, INC., MODERNATX, INC.,
and MODERNA US, INC.