IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALNYLAM PHARMACEUTICALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> MODERNA, INC., MODERNATX, INC., and MODERNA US, INC., <br><br> Defendants. | C.A. No. 23-cv-580-CFC <br><br> JURY TRIAL DEMANDED |

**ALNYLAM'S RESPONSE TO MODERNA'S COUNTERCLAIMS
AND ANSWER TO THE COMPLAINT**

Alnylam Pharmaceuticals, Inc. ("Alnylam") hereby responds to the Counterclaims of Moderna, Inc., ModernaTX, Inc., and Moderna US, Inc. (collectively, "Counterclaimants") as follows:

**FACTUAL BACKGROUND**

1. On May 26, 2023, Alnylam filed yet another suit against Moderna. That suit, like the two that came before it, is nothing more than an attempt to do in the courtroom what it could not do in the laboratory, clinic, or marketplace. Alnylam did not invent the vaccine that saved millions of lives, the mRNA technology upon which it is based, nor the technology to deliver it. Nevertheless, it tries to profit from it.

**ANSWER**: Alnylam admits that it filed another suit against Moderna on May 26, 2023—such suit is a direct result of Moderna's infringement of Alnylam's patented technology. Except as expressly admitted herein, Alnylam denies each and every allegation of paragraph 1.

2. Moderna brings these Counterclaims in response to Alnylam's Complaint, which baselessly seeks to profit from Moderna's innovations that led to its groundbreaking mRNA-1273 COVID-19 Vaccine ("SPIKEVAX®"). Specifically, Moderna asks this Court to declare the following: (a) SPIKEVAX® does not infringe United States Patent Nos. 11,590,229 ("the '229 Patent"), 11,633,479 ("the '479 Patent"), 11,633,480 ("the '480 Patent") (collectively, the "Patents-in-Suit"); and (b) the Patents-in-Suit are invalid.

**ANSWER**: Alnylam denies that its Complaint is "baseless[]." Alnylam denies that the Defendants' COVID-19 Vaccine does not infringe the Patents-in-Suit. Alnylam denies that the

1

Patents-in-Suit are invalid. Alnylam admits that Counterclaimants' Counterclaims purport to state an action for declaratory judgment of non-infringement and invalidity. The remaining allegations in paragraph 2 constitute a legal conclusion that requires no response, but to the extent a response is required, except as expressly admitted herein, Alnylam denies each and every allegation of paragraph 2.

3. In short, this lawsuit will confirm that Moderna and its scientists, employees, and collaborators are the true innovators of the mRNA delivery technology that led to the lifesaving SPIKEVAX® vaccine. Alnylam played no role in Moderna's significant accomplishments.

**ANSWER**: The allegations in paragraph 3 constitute a legal conclusion that requires no response, but to the extent a response is required, except as expressly admitted herein, Alnylam denies each and every allegation of paragraph 3.

### A. Moderna's Development of mRNA Medicines Using Lipid Nanoparticle Technology

4. For a decade before COVID-19 emerged, Moderna had been pioneering a new class of medicines made of messenger RNA, or mRNA, and developed its own platform technologies that could deliver mRNA in a variety of therapeutic and prophylactic applications, including vaccines. These mRNA medicines had the potential to treat and prevent a wide range of diseases—from infectious diseases like influenza and HIV, to autoimmune and cardiovascular diseases and rare forms of cancer. Over the past twelve years, Moderna has worked diligently in its laboratories to pioneer a number of fundamental breakthroughs in the field of mRNA technology. These discoveries span all aspects of mRNA medicines—from the characteristics and design of the mRNA itself and the protein it encodes, to the technologies to deliver mRNA to patients safely and effectively.

**ANSWER**: At least because of the scope, breadth, and vagueness of this allegation, Alnylam lacks the knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 and therefore denies each and every allegation of paragraph 4.

5. Included among the mRNA advancements that Moderna developed over years of extensive work is its proprietary lipid nanoparticle ("LNP") delivery technologies to provide the mRNA for delivery. The LNPs function to protect the mRNA and deliver it into cells. Critical to the LNP delivery technology used in SPIKEVAX® is Moderna's proprietary lipid, SM-102. Moderna scientist Dr. Kerry Benenato discovered SM-102. Dr. Benenato and her team conducted extensive work to discover a lipid for use in an LNP that would address the issues of being able to protect the delivery of fragile mRNA to the right location in the body, effectively deliver the

mRNA to the cells of interest, and then biodegrade so as not to cause tolerability issues. This was no small feat.

**ANSWER**: To the extent that paragraph 5 contains legal conclusions, it requires no response. At least because of the scope, breadth, and vagueness of this allegation, Alnylam lacks the knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 and therefore denies each and every allegation of paragraph 5.

6. Moderna invested years of work and resources to develop LNPs that are tailored to work with mRNA. Those efforts included developing novel proprietary lipids, including SM-102, and improving LNP manufacturing processes.

**ANSWER**: To the extent that paragraph 6 contains legal conclusions, it requires no response. At least because of the scope, breadth, and vagueness of this allegation, Alnylam lacks the knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 and therefore denies each and every allegation of paragraph 6.

    **B.**    **Moderna's Development and Sale of SPIKEVAX®**

7. The SARS-CoV2 virus, which causes COVID-19, was first detected in December 2019. On January 10, 2020, the genetic sequence of the SARS-CoV-2 virus became public. Leveraging its decade of research and proprietary technologies, Moderna quickly responded when the pandemic struck, swiftly developing, manufacturing, and providing doses of SPIKEVAX® to people around the world. SPIKEVAX®, also referred to as the mRNA-1273 vaccine, uses Moderna's proprietary LNP delivery technology that Moderna developed years earlier. For that groundbreaking work, Moderna's scientists were recently honored by the American Chemistry Society's 2022 Heroes of Chemistry Award, the highest honor for industrial chemical scientists, recognizing their "work developing formulations that protect against ... COVID-19."[1]

**ANSWER**: Alnylam admits that the SARS-CoV2 virus was first detected in December 2019 and that the genetic sequence of the SARS-CoV2 virus became public on January 10, 2020. At least because of the scope, breadth, and vagueness of this allegation, Alnylam lacks the

---

[1] Nina Notman, Chemists are Recognized for Their Contributions to Sustainable Packaging, Dental Cements, Breast Cancer Treatments, and Formulations that Protect Against or Treat COVID-19, C&EN, https://pubs.acs.org/doi/10.1021/cen-10028-acsnews2.

3

knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 7 and therefore denies each and every allegation of paragraph 7.

8. Following the declaration of a public health emergency, Moderna entered into numerous agreements with the United States Government regarding SPIKEVAX®. In April 2020, Moderna entered into a grant agreement with the Biomedical Advanced Research and Development Authority ("BARDA")—an office of HHS—to support clinical development of the mRNA-1273 vaccine. BARDA chose to partner with Moderna to develop SPIKEVAX® because "Moderna's mRNA-based vaccine platform has been used to rapidly prepare vaccine candidates against Cytomegalovirus, Zika, Respiratory Syncytial Virus, Influenza, Human Metapneumovirus and Parainfluenza virus."[2]

**ANSWER**: To the extent that paragraph 8 contains legal conclusions, it requires no response. Alnylam admits that Moderna entered into agreements with the U.S. Government relating to a COVID-19 Vaccine. At least because of the scope, breadth, and vagueness of this allegation, Alnylam lacks the knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8 and therefore denies each and every allegation of paragraph 8.

9. Once Moderna had obtained promising clinical results, on August 9, 2020, ModernaTX, Inc. entered into a supply contract with the Army Contracting Command of the U.S. Department of Defense, Contract No. W911QY20C0100 ("C0100 Contract").[3] Under the C0100 Contract, Moderna was obligated to produce and deliver doses of SPIKEVAX® to the U.S. Government, with the option to supply additional doses.[4] The C0100 Contract specifically states that Moderna manufactured SPIKEVAX® doses "for the United States Government."[5] The C0100 Contract also incorporates by reference FAR 52.227-1, entitled "Authorization and Consent."[6]

---

[2] Contract No. 75A50120000034 Development of an mRNA Vaccine for SARSCoV-2, § C.1 at 9, https://www.hhs.gov/sites/default/files/moderna-75a50120c00034.pdf.

[3] Army Contracting Command of the U.S. Department of Defense, Contract No. W911QY20C0100, https://www.hhs.gov/sites/default/files/moderna-large-scale-production-sars-cov-2-vaccine.pdf.

[4] *Id.*

[5] *Id.* at 19.

[6] *Id.* at 46 (also incorporating FAR clause 52.227-1 Alternate I).

**ANSWER**: To the extent that paragraph 9 contains legal conclusions, it requires no response. The C0100 Contract speaks for itself. Except as expressly admitted herein, Alnylam denies each and every allegation of paragraph 9.

10. Moderna received emergency use authorization for SPIKEVAX® in the U.S. from the Food & Drug Administration ("FDA") on December 16, 2020, less than a year after beginning development. On January 31, 2022, Moderna received full approval from the FDA for its Biologics License Application for SPIKEVAX®.[7]

**ANSWER**: At least because of the scope, breadth, and vagueness of this allegation, Alnylam lacks the knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 10 and therefore denies the allegations.

    **C.**    **Alnylam Does Not Develop mRNA Medicines**

11. In contrast to Moderna's mission to deliver the greatest possible impact to people through mRNA medicines, Alnylam has based its entire business model on another type of RNA called small interfering RNA ("siRNA"). This distinction is notable because mRNA and siRNA are markedly different. Structurally, mRNA is significantly larger than siRNA; this size difference makes it much harder to package mRNA into drug delivery vehicles (like LNPs). Functionally, mRNA promotes the expression of protein in cells; siRNA, by contrast, shuts down cellular protein expression in a process called RNA interference ("RNAi").

**ANSWER**: Alnylam denies each and every allegation of paragraph 11.

12. Unlike Moderna, Alnylam has not focused any of its drug development efforts towards mRNA therapeutics. To be sure, *every* FDA-approved product Alnylam has brought to market involves methods of delivering siRNA—not mRNA.

**ANSWER**: Alnylam admits that it has brought siRNA delivering FDA approved products to market. Except as expressly admitted herein, Alnylam denies each and every allegation of paragraph 12.

13. Alnylam's website is also telling. Its front webpage describes Alnylam as "THE LEADING RNAi THERAPEUTICS COMPANY."[8] Alnylam's website goes on to explain that its

---

[7] Colleen Hussey, Moderna Receives Full U.S. FDA Approval for COVID-19 Vaccine SPIKEVAX, https://investors.modernatx.com/news/news-details/2022/Moderna-Receives-Full-U.S.-FDA-Approval-for-COVID-19-Vaccine-Spikevax/default.aspx.

[8] https://www.alnylam.com/.

5

two therapeutic delivery platforms—lipid nanoparticles ("LNPs," *i.e.*, the subject of this lawsuit) and GalNAc conjugates—"enable delivery of small interfering RNA (siRNA) to target tissues."[9] Nowhere on its website does Alnylam describe using either platform to deliver mRNA.

**ANSWER**: Alnylam admits that its front webpage describes Alnylam as "The Leading RNAi Therapeutics company." Alnylam admits that it has developed therapeutic delivery platforms to enable delivery of siRNA. Except as expressly admitted herein, Alnylam denies each and every allegation of paragraph 13.

14. The asserted patents in this suit further illustrate that Alnylam has not historically focused on mRNA. The Patents-in-Suit are each titled "Biodegradable Lipids for the Delivery of Active Agents." '229 Patent at 1; '479 Patent at 1; '480 Patent at 1. The only "Active Agents" the '229 Patent's written description includes, however, are siRNA and miRNA. In fact, nowhere in the hundreds of pages constituting the '229 Patent's written description or claims does the term "mRNA" appear. Similarly, nowhere in the '479 and '480 Patents' respective written descriptions or claims does the term "mRNA" appear.

**ANSWER**: Paragraph 14 contains legal conclusions that require no response. Alnylam admits that the Patents-in-Suit are titled "Biodegradable Lipids for the Delivery of Active Agents." Alnylam admits that the specific term "mRNA" is not printed in the '229, '479, and '480 Patents' written description or claims, but the term "RNA" which encompasses mRNA is printed in the patents' specification. Except as expressly admitted herein, Alnylam denies each and every allegation of paragraph 14.

15. At first blush, it may appear as though the same LNPs that effectively deliver siRNA into target cells would work well in therapeutic mRNA applications. This could not be further from the truth. As Romesh Subramanian—a former Moderna-affiliated scientist—stated, "off-the-shelf LNP formulations designed for siRNA" did not work well for mRNA delivery due to the significant size differences between the two molecules: "siRNA molecules are ... about 20 nucleotides each," whereas "mRNA ... can easily span thousands of nucleotides, wind into complex shapes, and change the properties of the LNP in ways that are hard to predict." D.I. 1, Ex. 8 at 6.

---

[9] https://www.alnylam.com/our-science/sirna-delivery-platforms.

**ANSWER**: At least because of the scope, breadth, and vagueness of this allegation, Alnylam lacks the knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 and therefore denies each and every allegation of paragraph 15.

16. Tellingly, Alnylam never developed a protonatable lipid for use in an LNP that was capable of delivering mRNA, let alone manufactured or sold any mRNA-based FDA-approved product.

**ANSWER**: At least because of the scope, breadth, and vagueness of this allegation, Alnylam lacks the knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 and therefore denies each and every allegation of paragraph 16.

**D.** **Alnylam Tries to Claim SM-102, Which It Did Not Invent**

17. Failing to develop any protonatable lipid or LNP technology for delivering mRNA, Alnylam instead improperly expanded the scope of its patent estate in an attempt to cover the inventions of others, including pioneers like Moderna.

**ANSWER**: The allegations in paragraph 17 constitute a legal conclusion that requires no response. To the extent a response is required, Alnylam denies each and every allegation of paragraph 17.

18. The Patents-in-Suit are directed to specific protonatable lipids, which are quite different than the proprietary lipid Moderna's scientists discovered, SM-102. Alnylam filed the original application (PCT/US2012/068491) underlying the Patents-in-Suit in 2012. From that application, Alnylam sought and was issued claims to certain protonatable lipids, none of which covered SM-102.

**ANSWER**: The allegations in paragraph 18 constitute a legal conclusion that requires no response. To the extent a response is required, Alnylam denies each and every allegation of paragraph 18.

19. Although its original application was filed in 2012, Alnylam did not seek patent claims that attempted to cover Moderna's proprietary lipid, SM-102, until after the structure of Moderna's lipid was made public, many years later during the grip of the COVID-19 pandemic. Only then did Alnylam attempt to cobble together claims it hoped would cover Moderna's proprietary SM-102 lipid and its use in Moderna's groundbreaking LNP technology for mRNA delivery and SPIKEVAX®. But those claims are fatally flawed, having been stretched far beyond the patent's disclosure and previously described prior art.

**ANSWER**: Alnylam admits it filed a 187-page U.S. Provisional Patent Application No. 61/623,274 (the "'274 Provisional Application") on April 12, 2012 and filed Utility Application No. 0,061,063 on December 7, 2012, and expressly denies that either of these applications were its "original application." The allegations in paragraph 19 constitute a legal conclusion that requires no response. To the extent a response is required, Alnylam denies each and every allegation of paragraph 19.

## PARTIES

20. Moderna, Inc. is a company organized and existing under the laws of the State of Delaware with a principal place of business at 200 Technology Square, Cambridge, Massachusetts 02139.

**ANSWER**: On information and belief, and as alleged by Counterclaimants in their Counterclaims, Moderna Inc. is a company organized and existing under the laws of the State of Delaware, with its principal place of business at 200 Technology Square, Cambridge Massachusetts 02139.

21. ModernaTX, Inc. is a company organized and existing under the laws of the State of Delaware with a principal place of business at 200 Technology Square, Cambridge, Massachusetts 02139.

**ANSWER**: On information and belief, and as alleged by Counterclaimants in their Counterclaims, ModernaTX Inc. is a company organized and existing under the laws of the State of Delaware, with its principal place of business at 200 Technology Square, Cambridge, Massachusetts 02139.

22. Moderna US, Inc. is a company organized and existing under the laws of the State of Delaware with a principal place of business at 200 Technology Square, Cambridge, Massachusetts 02139.

**ANSWER**: On information and belief, and as alleged by Counterclaimants in their Counterclaims, Moderna US, Inc, is a company organized and existing under the laws of the State

of Delaware with a principal place of business at 200 Technology Square, Cambridge, Massachusetts 02139.

23. On information and belief, Alnylam is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 675 West Kendall Street, Henri A. Termeer Square, Cambridge, Massachusetts 02142.

**ANSWER**: Admitted.

## NATURE OF THE ACTION

24. Moderna seeks declaratory judgment under the patent laws of the United States, 35 U.S.C. § 100 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, that U.S. Patent Nos. 11,590,229 ("the '229 Patent"), 11,633,479 ("the '479 Patent"), and 11,633,480 ("the '480 Patent") (collectively, the "Patents-in-Suit") are invalid and/or not infringed.

**ANSWER**: Alnylam admits that Counterclaimants' Counterclaims purport to state actions for declaratory judgment of non-infringement and invalidity. The allegations in paragraph 24 constitute a legal conclusion that requires no response, but to the extent a response is required, except as expressly admitted herein, Alnylam denies each and every allegation of paragraph 24.

## JURISDICTION AND VENUE

25. This Court has subject matter jurisdiction over these Counterclaims for declaratory judgment pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202 based on an actual controversy among the parties arising under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*.

**ANSWER**: The allegation of jurisdiction in paragraph 25 of the Counterclaims constitutes a legal conclusion that requires no response. To the extent a response is required, Alnylam admits that the Counterclaims purport to state an action that arises under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

26. Personal jurisdiction over Alnylam is proper because Alnylam is a corporation organized and existing under the laws of the State of Delaware, and because Alnylam has consented to the personal jurisdiction of the Court by commencing its action for patent infringement in this Judicial District, as set forth in its Complaint.

**ANSWER**: The allegation of jurisdiction in paragraph 26 of the Counterclaims constitutes a legal conclusion that requires no response. To the extent a response is required, Alnylam does

not contest that this Court has personal jurisdiction over Alnylam for the purposes of this action. Except as expressly admitted herein, Alnylam denies each and every allegation of paragraph 26.

27. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391 and 1400 as Alnylam is a corporation organized and existing under the laws of the State of Delaware, and by virtue of Alnylam's filing of this lawsuit in this venue.

**ANSWER**: The allegation of venue in paragraph 27 of the Counterclaims constitutes a legal conclusion that requires no response. To the extent a response is required, Alnylam does not contest that, for the purposes of this action, and without waiving any defense of improper venue in connection with any other cause of action or claim, venue properly lies in this judicial district pursuant to § 1400. Except as expressly admitted herein, Alnylam denies each and every allegation of paragraph 27.

28. There is an actual justiciable controversy among the parties concerning non-infringement and invalidity of the Patents-in-Suit.

**ANSWER**: The allegation of an actual justiciable controversy among the parties in paragraph 28 of the Counterclaims constitutes a legal conclusion that requires no response. To the extent a response is required, Alnylam denies each and every allegation of paragraph 28.

**COUNT I**
**DECLARATORY JUDGMENT OF**
**NONINFRINGEMENT OF THE '229 PATENT**

29. Moderna repeats and incorporates Paragraphs 1-28 as if fully set forth herein.

**ANSWER**: Alnylam restates and incorporates by reference each and every response set forth above in paragraphs 1-28 of its Answer to the Counterclaims as if fully set forth herein. Alnylam denies Counterclaimants' preliminary statement.

30. Alnylam has brought claims against Moderna alleging SPIKEVAX® infringes the '229 Patent.

**ANSWER**: Admitted.

31. A real, immediate, and justiciable controversy exists between Alnylam and Moderna regarding Moderna's alleged infringement of the '229 Patent.

**ANSWER**: The allegation of a real, immediate, and justifiable controversy in paragraph 31 of the Counterclaims constitutes a legal conclusion that requires no response. To the extent a response is required, Alnylam denies each and every allegation of paragraph 31.

32. Moderna has not infringed and is not infringing any valid claim of the '229 Patent, willfully or otherwise, directly or indirectly, either literally or by application of the doctrine of equivalents.

**ANSWER**: The allegations in paragraph 32 constitute a legal conclusion that requires no response. To the extent a response is required, Alnylam denies each and every allegation of paragraph 32.

33. Moderna is entitled to a declaratory judgment that Moderna does not infringe, either directly or indirectly, and has not infringed, either directly or indirectly, any valid claim of the '229 Patent, either literally or under the doctrine of equivalents.

**ANSWER**: Alnylam denies that Counterclaimants are entitled to any relief. To the extent a response is required, Alnylam denies each and every allegation of paragraph 33.

## COUNT II
## DECLARATORY JUDGMENT OF
## NONINFRINGEMENT OF THE '479 PATENT

34. Moderna repeats and incorporates Paragraphs 1-33 as if fully set forth herein.

**ANSWER**: Alnylam restates and incorporates by reference each and every response set forth above in paragraphs 1-33 of its Answer to the Counterclaims as if fully set forth herein. Alnylam denies Counterclaimants' preliminary statement.

35. Alnylam has brought claims against Moderna alleging SPIKEVAX® infringes the '479 Patent.

**ANSWER**: Admitted.

36. A real, immediate, and justiciable controversy exists between Alnylam and Moderna regarding Moderna's alleged infringement of the '479 Patent.

**ANSWER**: The allegation of a real, immediate, and justifiable controversy in paragraph 36 of the Counterclaims constitutes a legal conclusion that requires no response. To the extent a response is required, Alnylam denies each and every allegation of paragraph 36.

37. Moderna has not infringed and is not infringing any valid claim of the '479 Patent, willfully or otherwise, directly or indirectly, either literally or by application of the doctrine of equivalents.

**ANSWER**: The allegations in paragraph 37 constitute a legal conclusion that requires no response. To the extent a response is required, Alnylam denies each and every allegation of paragraph 37.

38. Moderna is entitled to a declaratory judgment that Moderna does not infringe, either directly or indirectly, and has not infringed, either directly or indirectly, any valid claim of the '479 Patent, either literally or under the doctrine of equivalents.

**ANSWER**: Alnylam denies that Counterclaimants are entitled to any relief. To the extent a response is required, Alnylam denies each and every allegation of paragraph 38.

### COUNT III
### DECLARATORY JUDGMENT OF
### NONINFRINGEMENT OF THE '480 PATENT

39. Moderna repeats and incorporates Paragraphs 1-38 as if fully set forth herein.

**ANSWER**: Alnylam restates and incorporates by reference each and every response set forth above in paragraphs 1-38 of its Answer to the Counterclaims as if fully set forth herein. Alnylam denies Counterclaimants' preliminary statement.

40. Alnylam has brought claims against Moderna alleging SPIKEVAX® infringes the '480 Patent.

**ANSWER**: Admitted.

41. A real, immediate, and justiciable controversy exists between Alnylam and Moderna regarding Moderna's alleged infringement of the '480 Patent.

**ANSWER**: The allegation of a real, immediate, and justifiable controversy in paragraph 41 of the Counterclaims constitutes a legal conclusion that requires no response. To the extent a response is required, Alnylam denies each and every allegation of paragraph 41.

42. Moderna has not infringed and is not infringing any valid claim of the '480 Patent, willfully or otherwise, directly or indirectly, either literally or by application of the doctrine of equivalents.

**ANSWER**: The allegations in paragraph 42 constitute a legal conclusion that requires no response. To the extent a response is required, Alnylam denies each and every allegation of paragraph 42.

43. Moderna is entitled to a declaratory judgment that Moderna does not infringe, either directly or indirectly, and has not infringed, either directly or indirectly, any valid claim of the '480 Patent, either literally or under the doctrine of equivalents.

**ANSWER**: Alnylam denies that Counterclaimants are entitled to any relief. To the extent a response is required, Alnylam denies each and every allegation of paragraph 43.

### COUNT IV
### DECLARATORY JUDGMENT OF INVALIDITY OF THE '229 PATENT

44. Moderna repeats and incorporates Paragraphs 1-43 as if fully set forth herein.

**ANSWER**: Alnylam restates and incorporates by reference each and every response set forth above in paragraphs 1-43 of its Answer to the Counterclaims as if fully set forth herein. Alnylam denies Counterclaimants' preliminary statement.

45. Alnylam has brought claims against Moderna alleging infringement of at least claims 1-7, 10-18, and 21-25 of the '229 Patent.

**ANSWER**: Admitted.

46. Moderna alleges that the claims of the '229 Patent are invalid for failure to comply with the statutory prerequisites of Title 35 of the United States Code, including without limitation, one or more of §§ 101, 102, 103, 112, and/or any judicially created requirements for patentability and enforceability of patent and/or in view of the defenses recognized in 35 U.S.C. § 282.

**ANSWER**: The allegations in paragraph 46 constitute a legal conclusion that requires no response. To the extent a response is required, Alnylam denies each and every allegation of paragraph 46.

47. Moderna is entitled to a declaratory judgment from this Court that the '229 Patent is invalid.

**ANSWER**: Alnylam denies that Counterclaimants are entitled to any relief. To the extent a response is required, Alnylam denies each and every allegation of paragraph 47.

## COUNT V
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '479 PATENT

48. Moderna repeats and incorporates Paragraphs 1-47 as if fully set forth herein.

**ANSWER**: Alnylam restates and incorporates by reference each and every response set forth above in paragraphs 1-47 of its Answer to the Counterclaims as if fully set forth herein. Alnylam denies Counterclaimants' preliminary statement.

49. Alnylam has brought claims against Moderna alleging infringement of at least claims 1, 5, 6-9, 13, 14, 15, 16-20 of the '479 Patent.

**ANSWER**: Admitted.

50. Moderna alleges that the claims of the '479 Patent are invalid for failure to comply with the statutory prerequisites of Title 35 of the United States Code, including without limitation, one or more of §§ 101, 102, 103, 112, and/or any judicially created requirements for patentability and enforceability of patent and/or in view of the defenses recognized in 35 U.S.C. § 282.

**ANSWER**: The allegations in paragraph 50 constitute a legal conclusion that requires no response. To the extent a response is required, Alnylam denies each and every allegation of paragraph 50.

51. Moderna is entitled to a declaratory judgment from this Court that the '479 Patent is invalid.

**ANSWER**: Alnylam denies that Counterclaimants are entitled to any relief. To the extent a response is required, Alnylam denies each and every allegation of paragraph 51.

# COUNT VI
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '480 PATENT

52. Moderna repeats and incorporates Paragraphs 1-51 as if fully set forth herein.

**ANSWER**: Alnylam restates and incorporates by reference each and every response set forth above in paragraphs 1-51 of its Answer to the Counterclaims as if fully set forth herein. Alnylam denies Counterclaimants' preliminary statement.

53. Alnylam has brought claims against Moderna alleging infringement of at least claims 5-10 of the '480 Patent.

**ANSWER**: Admitted.

54. Moderna alleges that the claims of the '480 Patent are invalid for failure to comply with the statutory prerequisites of Title 35 of the United States Code, including without limitation, one or more of §§ 101, 102, 103, 112, and/or any judicially created requirements for patentability and enforceability of patent and/or in view of the defenses recognized in 35 U.S.C. § 282.

**ANSWER**: The allegations in paragraph 54 constitute a legal conclusion that requires no response. To the extent a response is required, Alnylam denies each and every allegation of paragraph 54.

55. Moderna is entitled to a declaratory judgment from this Court that the '480 Patent is invalid.

**ANSWER**: Alnylam denies that Counterclaimants are entitled to any relief. To the extent a response is required, Alnylam denies each and every allegation of paragraph 55.

# COUNT VII
## DECLARATORY JUDGMENT UNDER 28 U.S.C. § 1498

56. Moderna repeats and incorporates Paragraphs 1-55 as if fully set forth herein.[10]

---

[10] Moderna incorporates by reference its briefing concerning Moderna's Partial Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) and the U.S. Government's Statement of Interest concerning 28 U.S.C. § 1498 and SPIKEVAX® doses made pursuant to the C0100 Contract. See *Alnylam Pharms. Inc., v. Moderna, Inc. et al.*, 1:22-CV-335-CFC, D.I. 11-12, 18, 56, 56-1, and 78.

**ANSWER**: Alnylam restates and incorporates by reference each and every response set forth above in paragraphs 1-55 of its Answer to the Counterclaims as well as its briefing concerning Moderna's Partial Motion to Dismiss Pursuant Federal Rule of Civil Procedure 12(b) and the U.S. Government's Statement of Interest concerning 18 U.S.C. § 1498 and SPIKEVAX® doses made pursuant to the C0100 Contract. (*See* Alnylam Pharms. Inc., v. Moderna, Inc. et al., 1:22-CV-335-CFC, D.I. 14, 45, 57, and 79) as if fully set forth herein. Alnylam denies Counterclaimants' preliminary statement.

57. Under 28 U.S.C. § 1498(a), Alnylam has no claim against Moderna to the extent that, pursuant to the C0100 Contract, any use or manufacture of doses of SPIKEVAX® were made "for the Government" and "with the authorization or consent of the Government."

**ANSWER**: The allegations in paragraph 57 constitute a legal conclusion that requires no response. To the extent a response is required, Alnylam denies each and every allegation of paragraph 57.

58. Moderna is informed and believes, and based thereon alleges, that Alnylam disputes that Alnylam has no claim against Moderna to the extent that, pursuant to the C0100 Contract, any use or manufacture of SPIKEVAX® was done for the U.S. Government and with the authorization or consent of the U.S. Government.

**ANSWER**: Alnylam admits that it disputes Moderna's claim that the C0100 Contract was for the U.S. Government and with the authorization or consent of the U.S. Government. The allegations in paragraph 58 constitute a legal conclusion that requires no response. Except as expressly admitted herein, Alnylam denies each and every allegation of paragraph 58.

59. By virtue of the above facts, an actual controversy has arisen and now exists between Moderna and Alnylam as to whether Alnylam has no claim against Moderna to the extent that, pursuant to the C0100 Contract, any use or manufacture of SPIKEVAX® was done for the U.S. Government and with the authorization or consent of the U.S. Government.

**ANSWER**: The allegations in paragraph 59 constitute a legal conclusion that requires no response. To the extent a response is required, Alnylam denies each and every allegation of paragraph 59.

60. Moderna requests a judicial determination that Alnylam has no claim against Moderna to the extent that, pursuant to the C0100 Contract, any use or manufacture of SPIKEVAX® was done with the authorization and consent of the U.S. Government. Such a declaratory judgment is necessary and appropriate at this time in order to determine the rights and legal relations of the parties, pursuant to 28 U.S.C. § 2201.

**ANSWER**: Alnylam denies that Counterclaimants are entitled to any relief. The allegations in paragraph 60 constitute a legal conclusion that requires no response. To the extent a response is required, Alnylam denies each and every allegation of paragraph 60.

## RELIEF REQUESTED

Alnylam denies that the Counterclaimants are entitled to any relief from Alnylam, including the relief Counterclaimants seek in their Relief Requested, including subparts (a) through (h). Counterclaimants' Relief Requested should be denied in its entirety and with prejudice, and Counterclaimants should be awarded nothing. Alnylam further denies each and every allegation in Counterclaimants' Relief Requested.

| | |
|---|---|
| OF COUNSEL:<br><br>William G. Gaede, III<br>Anisa Noorassa<br>McDermott Will & Emery LLP<br>415 Mission Street, Suite 5600<br>San Francisco, CA 94105<br>(650) 815-7400<br><br>Sarah Chapin Columbia<br>Sarah J. Fischer<br>McDermott Will & Emery LLP<br>200 Clarendon Street, Floor 58<br>Boston, MA 02116-5021<br>(617) 535-4000<br><br>Ian B. Brooks<br>Timothy M. Dunker<br>McDermott Will & Emery LLP<br>500 N. Capitol Street NW<br>Washington, DC 20003<br>(202) 756-8000 | MCDERMOTT WILL & EMERY LLP<br><br>/s/ *Ethan H. Townsend*<br>Ethan H. Townsend (#5813)<br>The Nemours Building<br>1007 North Orange Street, 10th Floor<br>Wilmington, DE 19801<br>(302) 485-3911<br>ehtownsend@mwe.com<br><br>*Attorneys for Alnylam Pharmaceuticals, Inc.* |

Bhanu K. Sadasivan, Ph.D.
McDermott Will & Emery LLP
650 Live Oak Avenue, Suite 300
Menlo Park, CA 94025-4885
(650) 815-7537


Dated: July 28 2023

DM_US 198277083-1.089371.0027